S. F. ZALOOM & CO. v. CRAIG.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

INDEMNITY (§ 15*)—CONTRACT—DUTY.

   Where it did not appear that defendant sold as coffee, either pure or adulterated, the article which plaintiff was charged with selling, in violation of Agricultural Law (Consol. Laws, c. 1), as pure coffee, when it was only an imitation, and it was shown that plaintiff, after defendant's counsel had offered to take care of any action brought against plaintiff

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the state, and notified plaintiff that he was about to compromise the action by the state, and asked plaintiff to notify him of any further action by the state, and plaintiff compromised the action without notice to defendant, defendant is not bound to indemnify him.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 36–40, 42–47; Dec. Dig. § 15.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by S. F. Zaloom & Co. against Horatio Craig. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Benjamin Patterson, of New York City, for appellant.

Samuel J. Siegel, of New York City (Louis H. Solomon, of New York City, of counsel), for respondent.

BIJUR, J. This action is brought to compel defendant to pay plaintiff the amount which plaintiff paid to the state on a compromise of a claim that plaintiff was selling as coffee an imitation not properly labeled, in violation of the Agricultural Law (Consol. Laws, c. 1).

There is no doubt that plaintiff duly notified defendant of the action brought against it by the state; but, on the other hand, there is no contradiction of the testimony of defendant's counsel that he in return notified plaintiff's counsel that defendant had compromised or was compromising this action, with others, and that, if the state should proceed further with the action against plaintiff, plaintiff's counsel should notify him, in which case he would take care of the action, but plaintiff's counsel did nothing of the kind. The record also fails to disclose any facts upon which to predicate either a warranty or a representation by defendant that the article of which complaint was made was sold by defendant to plaintiff as coffee, either pure or adulterated. The alleged copy of a label said to have been affixed to the packages by defendant, as recited in the complaint, is unintelligible.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.